1  James R. Wakefield, Esq. (Bar No. 102024)
   E-mail:  jwakefield@cwlawyers.com
2  Iman Reza (Bar No. 245094)
   E-mail:  ireza@cwlawyers.com
3  Cummins & White, LLP
   2424 S.E. Bristol Street, Suite 300
4  Newport Beach, CA 92660-0764
   Telephone: (949) 852-1800
5  Facsimile: (949) 852-8510
6
7  Attorneys for Defendant
   VAPOR CORP.
8
                    UNITED STATES DISTRICT COURT
9
                   CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  RUYAN INVESTMENT (HOLDINGS) LIMITED, a British Virgin Islands Company, | Case No. 2:12-cv-5466-GAF-FFM |
| 12  |  |
| 13     Plaintiff, | **DEFENDANT'S NOTICE OF MOTION AND MOTION TO TRANSFER TO U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA** |
| 14  vs. | |
| 15  VAPOR CORP., a Nevada Corporation, | Hon. Gary A. Feess |
| 16     Defendant. | Hearing Date:  September 10, 2012 Time:  9:30 a.m. |
| 17  | Location:  740 Roybal |

18
19  **TO THE PLAINTIFF AND ITS ATTORNEYS OF RECORD**:

20       NOTICE IS HEREBY GIVEN that on September 10, 2012 at 9:30 a.m. or as soon

21  thereafter as counsel may be heard by the above entitled court, located at 255 East Temple Street,

22  Los Angeles, California, in the courtroom of Hon. Gary A. Feess, Defendant Vapor Corp. shall

23  move the Court to transfer this case to U.S. District Court for the Southern District of Florida.

24
25       This motion to transfer is based on the notice of motion and motion, the supporting

26  declaration of Harlan Press, exhibits attached thereto, the pleadings and papers on file in this

27  action, and such further oral or documentary evidence as may be presented to the court at the

28  hearing.

1    DATED: August 2, 2012              Respectfully submitted,

2                                      CUMMINS & WHITE, LLP

3                                      By:     /s/ Iman Reza

4                                            Iman Reza
                                           2424 S.E. Bristol Street, Suite 300

5                                            Newport Beach, CA 92660-0764
                                           Telephone: (949) 852-1800

6

7                                            *Attorney for Defendant Vapor Corp.*

8    *Of Counsel:*

9    Kevin M. Bell
      Richard J. Oparil

10   PATTON BOGGS LLP
      2550 M Street, NW

11   Washington, DC 20037
      (202) 457-6000

12

13   Caroline C. Maxwell
      PATTON BOGGS LLP

14   2001 McKinney Avenue, Suite 1700
      Dallas, TX  75201

15   (214) 758-6664

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>TABLE OF CONTENTS</u>

BACKGROUND ........................................................................................................... 1

ARGUMENT ............................................................................................................... 1

     A.    The Action Might Have Been Brought In The Southern District Of Florida.......... 2

     B.    Convenience And Fairness Support Transfer.......................................................... 2

CONCLUSION ........................................................................................................... 5

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to 28 U.S.C. § 1404(a), Defendant Vapor Corp. ("Vapor") moves to transfer this case to the Southern District of Florida.

## BACKGROUND

Ruyan filed this case against Vapor on June 22, 2012, alleging that certain Vapor electronic cigarette products infringed claims of U.S. Patent No. 8,156,944 ("the '944 patent"). (Dkt. No. 1). The complaint alleges that Ruyan is a British Virgin Islands company with its principal place of business in Hong Kong (¶ 5). Ruyan allegedly owns the '944 patent entitled Aerosole Electronic Cigarette, which issued on April 17, 2012. (Complaint ¶ 8 and Ex. A). Ruyan asserts that it is a "leading innovator" in electronic smokeless cigarette products (¶ 5), but it does not allege that it makes or sells any actual product.

The complaint erroneously alleges that Vapor is a California corporation with its principal place of business in Dania Beach, Florida (¶ 6). In fact, Vapor is a **Nevada** corporation with its principal place of business in Dania Beach, Florida. (Answer ¶ 6; Declaration of Harlan Press ("Decl.") ¶ 2; Ex. 1).

Ruyan alleges that Vapor has made, used, imported, offered for sale and sold certain electronic cigarette products that directly or indirectly infringe unspecified claims of the '944 patent. (Complaint ¶¶ 9-13).

## ARGUMENT

The claims against Vapor are more properly tried in the U.S. District Court for the Southern District of Florida. Litigation in Florida would be far more convenient and in the interest of justice.  Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The purpose behind this section is to

- 1 -

"prevent the waste of 'time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citations omitted).

### A.   The Action Might Have Been Brought In The Southern District Of Florida.

"As a threshold matter, the moving party must show that the transferee forum is one in which the action might have been brought." *Kannar v. Alticor, Inc.*, 2009 WL 975426, at *1 (N.D. Cal. April 9, 2009).   Ruyan's action against Vapor "might have been brought" in U.S. District Court for the Southern District of Florida.  28 U.S.C. § 1404(a).  "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b); *see also Kannar*, 2009 WL 975426, at *1.  Vapor is admittedly headquartered in Dania Beach, Florida, located in the Southern District of Florida. (Complaint ¶ 6). Thus, Ruyan could have brought this action in the proposed transferee district.

### B.   Convenience And Fairness Support Transfer.

Not only could this action have been brought in the Southern District of Florida, but transfer to that court would "promote the convenience of parties and witnesses and the interest of justice". *Kannar*, 2009 WL 975426, at *1; 28 U.S.C. § 1404(a).  "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988), quoting *Van Dusen* v. *Barrack,* 376 U. S. 612, 622 (1964).

In weighing the conveniences, the Ninth Circuit has delineated the factors a court must consider on a motion to transfer:

> A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case. For example, the court may consider: (1) the location where the relevant agreements were

> negotiated and executed, (2) the state that is most familiar with the
> governing law, (3) the plaintiff's choice of forum, (4) the respective
> parties' contacts with the forum, (5) the contacts relating to the
> plaintiff's cause of action in the chosen forum, (6) the differences in
> the costs of litigation in the two forums, (7) the availability of
> compulsory process to compel attendance of unwilling non-party
> witnesses, and (8) the ease of access to sources of proof . . . We also
> conclude that the relevant public policy of the forum state, if any, is
> at least as significant a factor in the § 1404(a) balancing.

*Jones v. GNC Franchising, Inc.*, 211 F. 3d 495, 498-99 (9th Cir. 2000) (footnotes omitted); *see also George v. NCAA*, C.A. No. 08-03401-GAF, 2008 U.S. Dist. LEXIS 106049 (C.D. Cal. Dec. 17, 2008).

Ruyan is a foreign corporation headquartered in Hong Kong. (Dkt. No. 1 ¶ 5; Decl. ¶ 3; Ex. 2). As such, Ruyan's choice of forum in California is entitled to little deference. A "foreign plaintiff's choice deserves less deference." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981). "When a plaintiff brings its charges in a venue that is not its home forum, however, that choice of forum is entitled to less deference." *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011); *see also Kannar*, 2009 WL 975426, at *1 ("Where, as here, however, the plaintiff is a resident of a foreign country, such deference is greatly reduced."); *In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010) (a foreign plaintiff's choice of forum is entitled to substantially less deference); *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1157 (S.D. Cal. 2005) (it is "appropriate to give less deference to a foreign plaintiff's forum choice where transfer is sought pursuant to § 1404(a)."); *Pennwalt Corp. v. Purex Indus., Inc.*, 659 F. Supp. 287, 289 (D. Del. 1986) ("A defendant's burden with respect to plaintiff's choice of forum is easier to meet where the plaintiff has not brought suit on its 'home turf.'").

Here, the Central District of California has no nexus to the patent dispute. Neither party may be found here. Vapor is not a California corporation – it is incorporated in Nevada with its headquarters in Florida. Vapor does not have any offices, employees or documents located in

- 3 -

California. (Decl. ¶ 4). Vapor's witnesses in this case will be found in Florida, not California. (*Id.*). Ruyan has no fact witnesses or documents in California. Its documents will be found at its headquarters in Hong Kong. For example, the alleged inventor on the '944 patent, Li Han, is located in Hong Kong. (Complaint Ex. A, p.1; Ex. 2).

Thus, Vapor's documents and witnesses will be found in Florida while Ruyan's documents and witnesses will have to be transported to the United States. Convenience and ease of access to sources of proof favor transfer to the Southern District of Florida. *See, e.g., Promote Innovation, LLC v. Schering Corp.*, 2011 WL 665817, at *2 (E.D. Tex. Feb. 14, 2011) (this factor weighed in favor of transfer because most of the defendants' documents were located in New Jersey and none in Texas).

The Central District of California has little, if any, local interest in Ruyan's claims, other than alleged sales of the accused products here. "Interests that could apply to virtually any judicial district or division in the United States, such as the nationwide sales of infringing products, are disregarded in favor of particularized local interests." *Id.* at *4 (internal quotations omitted). Florida, however, has a much stronger interest in this litigation. All business decisions by Vapor regarding the accused products were made in the Southern District of Florida. (Decl. ¶ 5). Florida is where Vapor is headquartered, its employees and officers work, and business decisions are made. Thus, this factor weighs in favor of transfer.

The Court may consider how quickly a case will come to trial and be resolved in determining whether to transfer a case. *In re Genentech*, 566 F.3d 1338, 1347 (Fed. Cir. 2009). As of September 30, 2011, this District had 10,619 pending civil cases, while the Southern District of Florida had only 4,544 such cases. (*See* 2011 Annual Report of the Director: Judicial Business of the United States Courts, Table C, available at http://www.uscourts.gov/uscourts/Statistics/ JudicialBusiness/2011/appendices/C00Sep11.pdf). The Central District of California had 950

1   intellectual property cases pending; the Southern District of Florida had only 194. (*Id.*, Table C-

2   3A). The median time from filing to trial in this Court was 20.1 months compared to 15 months in

3   Florida. (*Id.*, Table C-5).  Therefore, this factor weighs in favor of transfer to the Southern District

4   of Florida because the caseload is lower and the median time from filing to disposition is much

5   shorter.

6

7            Finally, Ruyan may argue that the case should not be transferred because there is a patent

8   infringement litigation between the parties pending in this Court on a different patent. That is not a

9   sufficient reason to deny transfer. In *Cellectis S.A. v. Precision Biosciences, Inc.*, 2012 WL

10  1556489, *8 (D. Del. May 3, 2012), the Court ruled that "[t]he fact that the district court in North

11  Carolina has become acquainted with the [first patents-in-suit] and the underlying technology

12  through *North Carolina I* has no bearing on the ultimate determination of the controversy over the

13  [newly-issued] patent." (footnote omitted); *see also In re Zimmer Holdings, Inc.*, 609 F.3d 1378

14  (Fed. Cir. 2010) (District Judge's familiarity with single overlapping patent did not justify refusal

15

16  to transfer case to a more convenient forum); *In re Morgan Stanley*, 417 Fed. Appx. 947, 949,

17  2011 U.S. App. LEXIS 7172 (Fed. Cir. Apr. 6, 2011) (accord). Here, the claims of the '944 patent

18  and the patent-in-suit in the earlier litigation are different. Moreover, the Court in that earlier case

19  has not yet construed any claims or made any substantive rulings. That case does not present a

20  reason to deny Vapor's motion to transfer this case to a clearly more convenient forum.

21

22                                    **CONCLUSION**

23            For all of the foregoing reasons, Vapor respectfully requests that the Court transfer this

24  case to the U.S. District Court for the Southern District of Florida.

25

26

27

28
                                    - 5 -

1   DATED: August 2, 2012                    Respectfully submitted,

2                                            CUMMINS & WHITE, LLP

3                                            By:     /s/ Iman Reza

4                                                    Iman Reza
                                                     2424 S.E. Bristol Street, Suite 300
5                                                    Newport Beach, CA 92660-0764
                                                     Telephone: (949) 852-1800
6

7                                                    *Attorney for Defendant Vapor Corp.*

8   *Of Counsel:*

9   Kevin M. Bell
    Richard J. Oparil
10  PATTON BOGGS LLP
    2550 M Street, NW
11  Washington, DC 20037
    (202) 457-6000
12

13  Caroline C. Maxwell
    PATTON BOGGS LLP
14  2001 McKinney Avenue, Suite 1700
    Dallas, TX  75201
15  (214) 758-6664

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    - 6 -

## PROOF OF SERVICE

The undersigned hereby certifies that a true and correct copy of Defendant Vapor Corp.'s Motion to Transfer was served on the following counsel of record in accordance with the Federal Rules of Civil Procedure and L.R. 5-3.3 via the Court's CM/ECF system, on August 2, 2012:

> Michael J. Wise
> Lauren Sliger
> Lara J. Dueppen
> PERKINS COIE LLP
> 1888 Century Park East, Suite 1700
> Los Angeles, CA 90067-1721
>
> *Attorneys for Plaintiff*
> *Ruyan Investment (Holdings) Limited*

> /s/ Iman Reza
> _____
> Iman Reza
> 2424 S.E. Bristol Street, Suite 300
> Newport Beach, CA 92660-0764
> Telephone: (949) 852-1800
> *Attorney for Defendant Vapor Corp.*

[T069.1|905067.DOC;1]

- 7 -
DEFENDANT'S MOTION TO TRANSFER

5250587