1  James R. Wakefield, Esq. (Bar No. 102024)
   E-mail: jwakefield@cwlawyers.com
2  Iman Reza (Bar No. 245094)
   E-mail: ireza@cwlawyers.com
3  Cummins & White, LLP
4  2424 S.E. Bristol Street, Suite 300
   Newport Beach, CA 92660-0764
5  Telephone: (949) 852-1800
   Facsimile: (949) 852-8510
6
7  Attorneys for Defendant
   VAPOR CORP.
8
                    UNITED STATES DISTRICT COURT
9
                   CENTRAL DISTRICT OF CALIFORNIA
10

11  RUYAN INVESTMENT (HOLDINGS)          Case No. 2:12-cv-5466-GAF-FFM
    LIMITED, a British Virgin Islands Company,
12
                                          **DEFENDANT'S NOTICE OF MOTION
13              Plaintiff,                AND MOTION TO SET ASIDE CLERK'S
                                          ENTRY OF DEFAULT**
14       vs.
                                          Hon. Gary A. Feess
15  VAPOR CORP., a Nevada Corporation,    Hearing Date: September 10, 2012
                                          Time:  9:30 a.m.
16              Defendant.                Location:  740 Roybal
17

18  **TO THE PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

19      NOTICE IS HEREBY GIVEN that on September 12, 2012 at 9:30 a.m. or as soon
20
    thereafter as counsel may be heard by the above entitled court, located at 255 East Temple Street,
21
    Los Angeles, California, in the courtroom of Hon. Gary A. Feess, pursuant to Fed. R. Civ. P.
22
    55(c), Defendant Vapor Corp. shall move the Court to set aside the Clerk's entry of default.
23
        This motion is based on the notice of motion and motion, the supporting declaration of
24
25  Harlan Press, the pleadings and papers on file in this action, and such further oral or documentary

26  evidence as may be presented to the court at the hearing.

27
28

1  DATED: August 2, 2012                Respectfully submitted,

2                                       CUMMINS & WHITE, LLP

3                                       By:   /s/ Iman Reza
4                                             Iman Reza
                                              2424 S.E. Bristol Street, Suite 300
5                                             Newport Beach, CA 92660-0764
                                              Telephone: (949) 852-1800
6
                                        *Attorney for Defendant Vapor Corp.*
7

8  *Of Counsel:*

9  Kevin M. Bell
   Richard J. Oparil
10 PATTON BOGGS LLP
   2550 M Street, NW
11 Washington, DC 20037
   (202) 457-6000
12

13 Caroline C. Maxwell
   PATTON BOGGS LLP
14 2001 McKinney Avenue, Suite 1700
   Dallas, TX  75201
15 (214) 758-6664

16

17

18

19

20

21

22

23

24

25

26

27

28

## **TABLE OF CONTENTS**

BACKGROUND ................................................................................................... 1

ARGUMENT ........................................................................................................ 2

CONCLUSION .................................................................................................... 4

---

DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Fed. R. Civ. P. 55(c), Defendant Vapor Corp. ("Vapor") moves to set aside the Clerk's entry of default. Because Vapor did not engage in culpable conduct that led to the default, has meritorious defenses to the patent infringement claims of plaintiff Ruyan Investment (Holdings) Limited ("Ruyan"), or Ruyan would not be prejudiced, good cause exists and the motion should be granted. Vapor asked Ruyan to stipulate to setting aside the default but Ruyan refused.

## BACKGROUND

Ruyan filed this case against Vapor on June 22, 2012, alleging that certain Vapor electronic cigarette products infringed claims of U.S. Patent No. 8,156,944 ("the '944 patent"). (Dkt. No. 1). The complaint alleges that Ruyan is a British Virgin Islands company with its principal place of business in Hong Kong. Ruyan allegedly owns the '944 patent, entitled Aerosole Electronic Cigarette, which issued on April 17, 2012. While Ruyan asserts that it is a "leading innovator" in electronic smokeless cigarette products (¶ 5), it does not allege that it makes or sells any actual product in the United States.

Ruyan erroneously alleged in the complaint that Vapor is a California corporation, but it is actually incorporated under Nevada law with its principal place of business in Florida. (Dkt. No. 1 ¶ 6; Dkt. No. 10 ¶ 6; Declaration of Harlan Press ("Decl.") ¶ 2). On June 27, Ruyan allegedly served Vapor's registered agent in Nevada. (Dkt. No. 7). Vapor, however, was not notified by the registered agent that it had been served. (Decl. ¶ 3).[1]

On July 23, Ruyan asked the Clerk to enter default against Vapor, which it did the next day. (Dkt. Nos. 8, 9). Vapor learned from a third-party law firm on July 24 that Ruyan had

---

[1] Curiously, even though Ruyan and Vapor are currently parties to litigation before this Court on a different, earlier patent, captioned *Ruyan v. Vapor, et al.*, No. 11-cv-6268-GAF(FFMx), Ruyan did not ask Vapor's counsel to accept service of the new complaint.

- 1 -
DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

allegedly effected service and filed a default request and that the Clerk entered default. (Decl. ¶ 4). Vapor then promptly engaged counsel and filed its answer to the complaint, denying the material allegations of the complaint and raising non-infringement and invalidity affirmative defenses. (Dkt. No. 10). On July 25 and 31, Vapor's counsel asked Ruyan's counsel to withdraw the default, which Ruyan refused to do on July 31, necessitating the filing of this motion. (Decl. ¶ 7).[2]

## ARGUMENT

A "court may set aside an entry of default for good cause. . . ." Fed. R. Civ. P. 55(c). "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984); *see also United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010); *J&J Sports Prods., Inc. v. Delgadillo*, 2012 U.S. Dist. LEXIS 97005, *3 (N.D. Cal. July 11, 2012). To determine "good cause", a court must "consider[] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice" the other party. *Mesle*, 615 F.3d at 1091, quoting *Franchise Holding II, LLC v. Huntington Restaurants Group*, 375 F.3d 922, 925-26 (9th Cir. 2004). The standard is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default. *Id.*; *Delgadillo*, 2012 U.S. Dist. LEXIS 97005, *3.

As to the first factor, "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (emphasis in original), quoting *Alan*

---

[2] Accompanying this motion is a motion to transfer the case to the U.S. District Court for the Southern District of Florida.

*Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988); *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987) (defendant "intentionally declined" service). The Ninth Circuit has made clear that the term "intentionally" means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an "intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *TCI Group*, 244 F.3d at 697; *see also Delgadillo*, 2012 U.S. Dist. LEXIS 97005, *4. Instead, the defendant's conduct would be considered culpable "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* at 698.

Here, Vapor's conduct was not culpable. Vapor was unaware that service had been made on its registered agent in Nevada. (Decl. ¶ 5). Vapor learned from a third-party that Ruyan sought entry of default and that the Clerk entered default. (*Id.* ¶ 4). As soon as it learned of the default, it engaged counsel and filed an answer to the complaint. (Dkt. No. 10). This conduct is inconsistent with acting in bad faith to take advantage of Ruyan or to interfere with or manipulate the judicial process. (Decl. ¶ 5).

The second factor to set aside a default exists when there is a meritorious defense. "A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *TCI Group*, 244 F.3d at 700 (citations omitted); *see also Mesle*, 615 F.3d at 1094. The defendant need only set forth sufficient facts that, if true, would constitute a defense. Whether the factual allegations are true is not to be decided on a motion to set aside the default; rather, that question "would be the subject of the later litigation." *Id.* There need only be "some possibility

that the outcome on the merits will achieve a different result" than judgment for the plaintiff. *Delgadillo*, 2012 U.S. Dist. LEXIS 97005, *5.

Here, Vapor's answer expressly denies that its accused products directly or indirectly infringe any claims of the patent-in-suit. (Dkt. No. 1 ¶¶ 9-13; Dkt. No. 10 ¶¶ 9-13 & Affirm. Def. No. 4; Decl ¶ 6). Vapor also raised the affirmative defense that the patent-in-suit is invalid. (Dkt. No. 10 Affirm. Def. No. 5; Decl ¶ 6). Therefore, Vapor has meritorious defenses to Ruyan's infringement claims. As such, the default entry should be set aside. *See Delgadillo*, 2012 U.S. Dist. LEXIS 97005, *5 ("Plaintiff alleges that Defendant unlawfully obtained the signal to a sporting event and displayed the sporting event. Defendant asserts that he lawfully obtained the signal and displayed the event. This constitutes a defense to the action.").

Finally, Ruyan cannot argue that it would be prejudiced by the granting of Vapor's motion. To be prejudicial, the delay must result in some tangible harm, such as the loss of evidence, increased difficulty obtaining discovery, or a risk of fraud or collusion. *TCI Group*, 244 F.3d at 701; *Delgadillo*, 2012 U.S. Dist. LEXIS 97005, *5. Ruyan purportedly served Vapor's registered agent on June 27, 2012, making Vapor's answer due on July 17. Vapor learned of the service and default entry on July 24. Vapor retained counsel and answered the complaint on July 26. Thus, the case was at issue nine days after Vapor's answer should have been due. Vapor did not delay the resolution of this case in any way. The Court has not yet issued a scheduling order. Ruyan has not been prejudiced here. As a result, Vapor's motion to set aside the entry of default should be granted.

## CONCLUSION

For all the foregoing reasons, Vapor's motion to set aside the entry of default should be granted.

- 4 -
DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

| | | |
|---|---|---|
| 1 | DATED: August 2, 2012 | Respectfully submitted, |
| 2 | | CUMMINS & WHITE, LLP |
| 3 | | |
| 4 | | By:  /s/ Iman Reza<br>Iman Reza |
| 5 | | 2424 S.E. Bristol Street, Suite 300<br>Newport Beach, CA 92660-0764 |
| 6 | | Telephone: (949) 852-1800 |
| 7 | | *Attorney for Defendant Vapor Corp.* |
| 8 | *Of Counsel:* | |
| 9 | Kevin M. Bell<br>Richard J. Oparil | |
| 10 | PATTON BOGGS LLP<br>2550 M Street, NW | |
| 11 | Washington, DC 20037 | |
| 12 | (202) 457-6000 | |
| 13 | Caroline C. Maxwell<br>PATTON BOGGS LLP | |
| 14 | 2001 McKinney Avenue, Suite 1700<br>Dallas, TX  75201 | |
| 15 | (214) 758-6664 | |

- 5 -
DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

**PROOF OF SERVICE**

The undersigned hereby certifies that a true and correct copy of Defendant Vapor Corp.'s Motion to Transfer was served on the following counsel of record in accordance with the Federal Rules of Civil Procedure and L.R. 5-3.3 via the Court's CM/ECF system, on August 2, 2012:

Michael J. Wise
Lauren Sliger
Lara J. Dueppen
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721

*Attorneys for Plaintiff*
*Ruyan Investment (Holdings) Limited*

/s/ Iman Reza
Iman Reza
2424 S.E. Bristol Street, Suite 300
Newport Beach, CA 92660-0764
Telephone: (949) 852-1800
*Attorney for Defendant Vapor Corp.*