James R. Wakefield, Esq. (Bar No. 102024)
E-mail: jwakefield@cwlawyers.com
Iman Reza (Bar No. 245094)
E-mail: ireza@cwlawyers.com
Cummins & White, LLP
2424 S.E. Bristol Street, Suite 300
Newport Beach, CA 92660-0764
Telephone: (949) 852-1800
Facsimile: (949) 852-8510

Attorneys for Defendant
VAPOR CORP.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUYAN INVESTMENT (HOLDINGS) LIMITED, a British Virgin Islands Company,<br><br>Plaintiff,<br><br>vs.<br><br>VAPOR CORP., a Nevada Corporation,<br><br>Defendant. | Case No. 2:12-cv-5466-GAF-FFM<br><br>**DECLARATION OF HARLAN PRESS IN SUPPORT OF MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT**<br><br>Hon. Gary A. Feess<br>Hearing Date: September 10, 2012<br>Time: 9:30 a.m.<br>Location: 740 Roybal |

I, Harlan Press, declare under penalty of perjury that the following is true and correct:

1.  I am the Chief Financial Officer of defendant Vapor Corp. ("Vapor"). I have personal knowledge of the matter stated herein, and if called upon to do so, I could and would competently testify hereto.

2.  Vapor is a publicly traded company incorporated under Nevada law with its principal place of business in Florida.

3.  Vapor did not know that its Nevada registered agent had been purported served with the complaint in this case on June 27, 2012 by plaintiff Ruyan Investment (Holdings) Limited ("Ruyan"). Vapor received no notice of service from the registered agent.

- 1 -
DECLARATION OF HARLAN PRESS

4.    Vapor learned from a third-party law firm on July 24 that Ruyan had filed a default request and that the Clerk entered default. Vapor then promptly engaged counsel and filed its answer to the complaint on July 26, 2012, denying the material allegations of the complaint and raising non-infringement and invalidity affirmative defenses. (Dkt. No. 10). On July 25 and 31, Vapor's counsel asked Ruyan's counsel to withdraw the default, which Ruyan refused to do on July 31, necessitating the filing of this motion.

5.    Vapor's conduct was not culpable. Vapor was unaware that service had been made on its registered agent in Nevada. As soon as Vapor learned from a third-party that service had been made, that Ruyan sought entry of default and that the Clerk entered default, it engaged counsel and filed an answer to the complaint. Vapor did act in bad faith to take advantage of Ruyan or to interfere with or manipulate the judicial process.

6.    Vapor has meritorious defenses to Ruyan's claims of infringement. The answer it filed expressly denies that its accused products directly or indirectly infringe any claims of the patent-in-suit. (Dkt. No. 10 ¶¶ 9-13 & Affirm. Def. No. 4). Vapor also raised the affirmative defense that the patent-in-suit is invalid. (*Id.* Affirm. Def. No. 5).

7.    On July 25 and 31, 2012, Vapor's counsel asked Ruyan's counsel to withdraw the entry of default. Ruyan's counsel rejected the request on July 31, necessitating the filing of this motion. Ruyan did not provide a reason for its refusal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 2, 2012 at Dania Beach, Florida.

_____
Harlan Press

- 2 -
DECLARATION OF HARLAN PRESS

5251056